UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

AARON N. SLATER,

    Plaintiff,

vs.

LIZARDO VARGAS aka
CARLOS LIZARDO VARGAS
REVILLA, Value Investments
Group, Ltd., Asociacion Editorial
Stella, Fondo De Inversion Stella,
and Value Investments Peru, S.A.,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Aaron N. Slater ("Slater"), sues Defendants, Lizardo Vargas a/k/a Carlos Lizardo Vargas Revilla ("Vargas"), Value Investments Group, Ltd., Value Investments Peru, S.A., Asociacion Editorial Stella, and Fondo De Inversion Stella.

### Introduction

This case arises out of a breach of a contract whereby the Plaintiff, Aaron Slater, provided investment banking advisory services on behalf of Defendant Value Investment Group, Ltd. ("Valinvest") to their client Asociacion Editorial

1

Stella ("Stella") regarding a sale of a corporation. Plaintiff alleges that Defendant Valinvest has failed to pay him his fees, and that Defendant Lizardo Vargas has wrongfully diverted the fees to his personal accounts or to accounts of Valinvest Peru or other companies owned or controlled by Vargas. Plaintiff is owed fees in the amount of $368,080.43 for past and future payments from Stella to Valinvest. However, Vargas has converted the funds to his own use and has requested Stella to make future payments owed to Valinvest to be paid to Vargas' personal account, or to the accounts of Valinvest Peru or other companies owned or controlled by Vargas, which accounts are under Vargas' control. Plaintiff asserts claims for breach of contract including anticipatory breach for future amounts owed, money owed, fraudulent conveyance, unjust enrichment, and seeks an equitable lien on all fee payments that are now due or will be due from the remaining defendants, as well as injunctive relief requiring that he be paid his fees from the funds set aside for that purpose.

Parties and Jurisdiction

1) Plaintiff is a resident of Davie, Broward County, Florida.

2) Defendant Vargas is a natural person who is a non-resident of Florida, whose address is Av. Leon Barandiaran 380, Casa 3, Urbanizacion La Planicie, La Molina, Lima, Peru, and who regularly visits and conducts business in Florida and

has operated, conducted, engaged in, and/or carried on a business and/or business venture in the state.

3) Defendant Value Investments Group, Ltd. ("Valinvest") is a company organized under the laws of the Bahamas with its principal office at Avenida Manuel Olguin No. 571, Office 501, District of Santiago de Surco, Province and Department of Lima, Peru.

4) Defendant Value Investments Peru, S.A. ("Valinvest Peru") is a corporation organized under the laws of Peru, Taxpayer ID (RUC) No. 20433692021, with its principal office at Avenida Manuel Olguin No. 571, Office 502, District of Santiago de Surco, Province and Department of Lima, Peru.

5) Defendant Fondo de Inversion Stella ("Stella Fund") is a private investment fund organized under the laws of Peru, Taxpayer ID (RUC) No. 20509445738, with its principal office at Avenida Manuel Olguin No. 571, Office 502, District of Santiago de Surco, Province and Department of Lima, Peru.

6) Defendant Asociacion Editorial Stella ("Stella Association") in a non-profit organization organized under the laws of Peru, Taxpayer ID (RUC) No. 20107203975, with its principal office at Avenida Manuel Olguin No. 571, Office 101, District of Santiago de Surco, Province and Department of Lima, Peru.

7) This Court has subject matter jurisdiction under 28 USC §1332, in that the Plaintiff is a resident of Florida and the Defendants are all non-residents of Florida.

8)     This case arises out of a contract entered into at Davie, Broward County, Florida among Plaintiff and Valinvest and signed by Vargas as Director of Valinvest.

9)     Venue is proper because the contract was entered into in this District, the majority of Plaintiff's work under the contract was performed in this District, payments due under the contract are to be paid to Plaintiff in this District, and Florida law governs the contract.

Facts

10)    The Stella Fund is an investment fund owned by the Stella Association and managed by Valinvest Peru.

11)    Defendant Vargas is the Legal Representative and General Manager of Valinvest Peru.

12)    Valinvest Peru is a wholly owned subsidiary of Valinvest.

13)    Valinvest is wholly owned and controlled by Defendant Vargas.

14)    Plaintiff, Aaron Slater, was Managing Director of Valinvest during the period that he provided advisory services to Stella Association.

15)    The Stella Association, through the Stella Fund, was the major shareholder of El Pedregal. El Pedregal S.A. ("Pedregal") is an agricultural company incorporated under the laws of Peru, Taxpayer ID (RUC) No. 20336183791, with

4

its principal office at Calle Monterrey No. 355, Office 1101, District of Santiago de Surco, Province and Department of Lima, Peru.

16)     On or about April 15, 2010, Stella Association retained Valinvest to provide advisory services in selling its ownership interest (and the interest of all other shareholders) in El Pedregal.  Valinvest was paid an initial retainer of $80,000 and earned a success fee upon the successful sale of El Pedregal based upon the sale price.

17)     On or about April 15, 2010, Plaintiff and Valinvest also entered into a contract whereby Plaintiff Slater was to act as the Advisor to Stella Association as it sought to sell El Pedregal. As consideration therefore, Plaintiff was to receive 50% of the retainer amount and 43% of the success fees.  A copy of the contract is attached hereto as Exhibit A.

18)     The success fee is to be paid out in annual payments from 2013 to 2020.

19)     On or about April 23, 2013, Vargas, through Valinvest, Valinvest Peru or other companies owned or controlled by Vargas, received payment of the first annual success fee of $360,000 of which Plaintiff is entitled to receive $154,800. However, despite demand, Valinvest and Vargas have failed and refused to pay Plaintiff.

20)     Defendant Vargas has wrongfully diverted the fees to his personal accounts or to accounts of Valinvest Peru or other companies owned or controlled by

Vargas, and intends to divert future success fees to his personal accounts or to accounts of Valinvest Peru or other companies owned or controlled by Vargas.

21) As of April 23, 2014, Valinvest is due to be paid a second success fee of $81,142.86, of which Plaintiff is entitled to receive $34,891.43. Upon information and belief, the Stella Association has postponed making this payment to Valinvest because of the failure of Valinvest and Vargas to pay Plaintiff the prior fees he is owed.

22) In addition to the $154,800 and $34,891.43 that is currently due and owing, Plaintiff is owed an additional $178,388.57 for payments scheduled in the future.

23) Pursuant to the Plaintiff's Contract, Plaintiff is owed a total of $368,080.43 in success fees. Because of Valinvest's breach, Plaintiff demands the acceleration of all amounts to be due immediately and hereby makes demand for payment.

24) Defendants Valinvest and Vargas have failed and refused to pay the Plaintiff the monies owed and have stated that they will refuse to pay Plaintiff sums owed in the future.

25) Defendant Vargas has directed Stella Association not to deliver payments of the success fees to Valinvest accounts, but to deliver such payments to Vargas' personal accounts or to the accounts of Valinvest Peru or other companies owned or controlled by Vargas, which accounts are under Vargas' control.

26) Defendant Vargas has wrongfully taken 100% of the success fees paid to Valinvest, including the 43% portion of the success fees earned by and owed to Plaintiff, and converted the monies to his personal use.

27) Plaintiff reasonably believes that Vargas will continue to convert to his personal use all success fees that are paid to Valinvest, Vargas, or Valinvest Peru, including monies earned by and owed to Plaintiff.

28) Plaintiff reasonably believes that all monies paid to Valinvest, Vargas, or Valinvest Peru will be spent by Vargas with the result that such monies will be unavailable to be recovered in the future.

29) The Stella Association and Stella Fund possess the funds currently due to be paid as success fees and will have possession of all funds to be paid as success fees in the future.

## COUNT I – BREACH OF CONTRACT

30) Plaintiff and Valinvest entered into a written contract on or about April 15, 2010 as specified in paragraph 17.

31) Plaintiff has executed all of his duties and obligations under the contract, has performed all conditions precedent to be performed by Plaintiff, or the conditions have occurred or been waived.

32) Valinvest breached its obligations under the contract and did not pay Plaintiff the amounts owing to him under the contract, and has anticipatorily breached its future obligations.

33) Valinvest owes plaintiff $368,080.43 that is due with interest based on $154,800.00 due since April 23, 2013 and $34,891.43 due since April 23, 2014.

WHEREFORE, Plaintiff demands judgment against Valinvest for money damages in the amount of $368,080.43, costs of suit, and pre-judgment interest based on $154,800.00 due since April 23, 2013 and $34,891.43 due since April 23, 2014.

## COUNT II – MONEY OWED

34) Defendant Valinvest owes Plaintiff $368,080.43 for services provided from April 15, 2010 through April 23, 2013.

WHEREFORE, Plaintiff demands judgment against Valinvest for money damages in the amount of $368,080.43, costs of suit, and pre-judgment interest based on $154,800.00 due since April 23, 2013 and $34,891.43 due since April 23, 2014.

## COUNT III – UNJUST ENRICHMENT

35)     Defendants Vargas, Valinvest Group, and Valinvest Peru, operating together under the control of Vargas, received the benefit of the fees generated by Plaintiff's work as Advisor to the Stella Association.

36)     Vargas, Valinvest Group, and Valinvest Peru will be unjustly enriched at Plaintiff's expense if they are allowed to retain the fees earned by and owed to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants Vargas, Valinvest Group, and Valinvest Peru, jointly and severally, for damages in the amount of $368,080.43, costs of suit, and prejudgment interest based on $154,800.00 due since April 23, 2013 and $34,891.43 due since April 23, 2014.

## COUNT IV - FRAUDULENT CONVEYANCE

37)     Defendant Vargas caused Defendant Valinvest to transfer all of the success fees to Vargas and/or Valinvest Peru without consideration and with intent to hinder, delay and defraud the Plaintiff in the collection of Plaintiff's fees.

38)     Such transfers of monies were received by Vargas and/or Valinvest Peru with knowledge of the fraudulent intent. Vargas controls both Valinvest and Valinvest Peru.

9

WHEREFORE, Plaintiff demands judgment against Defendants Vargas, Valinvest Group, and Valinvest Peru, jointly and severally, for damages in the amount of $368,080.43, costs of suit, and prejudgment interest based on $154,800.00 due since April 23, 2013 and $34,891.43 due since April 23, 2014.

## COUNT V - EQUITABLE LIEN

39) Defendants Stella Association and Stella Fund set aside funds in the amount of $81,142.86 to pay the success fees owed to Valinvest for the investment banking advisory fees provided by Plaintiff. Stella Association and Stella Fund will be setting aside additional funds in the amount of $414,857.14 to pay the success fees each year through 2020.

40) Defendant Valinvest has already failed to pay Plaintiff his fees of $154,800 that were due on April 23, 2013, and Defendant Vargas has requested Stella Association to pay the remaining payments to him personally and not to Valinvest, Valinvest Peru or other companies owned or controlled by Vargas.

41) The actions of Vargas and Valinvest make it crystal clear that Vargas intends to divert all success fees so as to defraud Plaintiff out of his share of the fees.

42) If Vargas, Valinvest, Valinvest Peru or other companies owned or controlled by Vargas are permitted to receive the remaining success fees, then Plaintiff will be cheated out of his fees.

43) Plaintiff has no effective remedy at law because obtaining a judgment for damages only against Valinvest will be effectively worthless because Valinvest will not have the money. Valinvest is a mere corporate shell without any assets or capitalization. Plaintiff does not have a legal remedy as to any party that will be in actual possession of the monies at issue: Vargas, the Stella Association, or the Stella Fund.

44) The loss of the undisbursed balance of the success fees will be irreparable because the sums cannot realistically be recovered in any other legal proceeding.

45) If Vargas is permitted to divert the balance of the success fees to his own account, then he will receive not only Valinvest's share of the success fees, but also Plaintiff's share of the fees, an additional sum in excess of what Valinvest bargained for and Vargas will be unjustly enriched to that extent.

46) Valinvest owes Plaintiff $368,080.43 on past, current, and future success fees.

47) The granting of the equitable lien will not unduly burden any party as the amount of the success fees to be paid and received remains unchanged.

WHEREFORE plaintiff demands judgment foreclosing an equitable lien on the balance of the success fees held by Stella Association and Stella Fund for the full amount of Plaintiff's 43% stake in the success fees.

## COUNT VI - INJUNCTION

48)   This is a claim for an injunction.

49)   Pursuant to the written agreement with Valinvest, Plaintiff has earned a 43% interest in the success fees that have been paid and that are scheduled to be paid in the future to Valinvest by the Stella Association and the Stella Fund.

50)   Defendant Vargas caused Valinvest to breach the agreement with Plaintiff.

51)   Plaintiff has no adequate remedy at law to recover the monies owed to him.

52)   Plaintiff's only remedy to recover his fees is for the Court to order the Stella Association and the Stella Fund to pay Plaintiff his share of the fees directly and prohibiting Defendants Vargas, Valinvest, and Valinvest Peru from receiving or accepting any success fees until Plaintiff has received his share.

53)   The Stella Association and the Stella Fund will not be unduly burdened by the issuance of an injunction, as they will be paying the exact same amount of success fees as they would be paying otherwise.

WHEREFORE plaintiff demands judgment for a temporary and a permanent injunction requiring the Stella Association and the Stella Fund to pay Plaintiff his

43% share of the success fees directly, and that all such payments shall be credited as a payment as to Valinvest for success fees owed, as prohibiting Vargas, Valinvest, and Valinvest Peru from receiving any success fees until Plaintiff has received all success fees owed to him.

## COUNT VII – CONSTRUCTIVE TRUST

54) This is a claim for a constructive trust to be imposed upon Vargas, Valinvest, Valinvest Peru, and any other persons or entities controlled by Vargas.

55) Vargas has effectively received control of the success fees either through Valinvest, Valinvest Peru, or otherwise.

56) Vargas effectively controls Valinvest and Valinvest Peru.

57) Plaintiff had a confidential relationship with Vargas, Valinvest, and Valinvest Peru.

58) Plaintiff provided and delivered his services to Stella and Stella fund and his share of the fees for these services were to be paid to Valinvest, under Vargas' control, and such fees were in fact delivered to Vargas, either directly or through Valinvest or Valinvest Peru or other person or entity under Vargas' control.

59) Plaintiff owns a stake of 43% equaling the total of the success fees and is the rightful owner of 43% of all of the success fees.

60) Vargas, through Valinvest and Valinvest Peru or otherwise, has received the first installment of the success fee that was due on April 23, 2013, and may have received the second installment of the success fee that was due to be paid April 23, 2014 and has wrongfully retained the 43% share of the success fees belonging to Plaintiff.

61) It would be inequitable to allow Vargas, through Valinvest or Valinvest Peru or otherwise, to retain Plaintiff's share of the success fees.

62) Vargas, through Valinvest and Valinvest Peru or otherwise, will be unjustly enriched if allowed to retain Plaintiff's 43% share of the success fee.

WHEREFORE plaintiff demands judgment imposing a constructive trust on Plaintiff's 43% share of all success fee held or otherwise controlled by Defendants Vargas, Valinvest, and Valinvest Peru.

Respectfully submitted,

S/Donald P. Fitzgerald
_____
Donald P. Fitzgerald III (Florida Bar Number: 928003)
Attorney Email Address: dfitzgerald@fitzgeraldpa.com
THE FITZGERALD LAW FIRM, P.C.
12805 SW 84th Avenue Road, Suite 200
Miami, Florida 33256
Telephone: (305) 748-2554
Facsimile: (855) 223-1524
*Attorney for the Plaintiff Aaron N. Slater*

14

15

# EXHIBIT A

Letter Agreement Between Aaron Slater and Value Investments Group, Ltd.