UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 14-23038 KMM

AARON N. SLATER,

    Plaintiff,
v.

LIZARDO VARGAS a/k/a
CARLOS LIZARDO VARGAS
REVILLA, VALUE INVESTMENTS
GROUP, LTD., ASOCIACION EDITORIAL
STELLA, FONDO DE INVERSION STELLA,
and VALUE INVESTMENTS PERU, S.A.,

    Defendants.
_____/

**REPLY IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, COMPEL ARBITRATION**

Defendants Lizardo Vargas a/k/a Carlos Lizardo Vargas Revilla, Value Investments Group, Ltd., and Value Investments Peru, S.A. (collectively, the "Vargas Defendants") hereby file this Reply in support of the Vargas Defendants' Motion to Dismiss, or in the alternative, Motion to Compel Arbitration [D.E. 12] (the "Motion to Dismiss").

**INTRODUCTION**

Plaintiff already has conceded that this Court is not the proper forum or venue for this action.[1] That said, Plaintiff goes on to weakly offer a perfunctory response to some, but not all, of the arguments set forth in the Motion to Dismiss. Plaintiff's arguments, however, fail to refute any of the Vargas Defendants' arguments concerning this Court's lack of personal, subject matter, or diversity jurisdiction. Plaintiff further fails to rebut the arguments that Plaintiff has failed to state a single cause of action. As such, for those reasons set forth in the Motion to Dismiss and herein, this Court should dismiss the Complaint or, in the alternative, compel this action to arbitration.

---

[1] *See* Response [D.E. 23] at p. 1 ("The Plaintiff gives notice that it intends to transfer this case to state court and that this Response is being filed because it is due and to be on record upon the transfer.").

**MEMORANDUM OF LAW**

**Overarching Comment**

The initial portion of Plaintiff's response injects allegations not set forth in the Complaint and presents an obvious after-the-fact attempt to remedy that defective pleading. Nowhere does the Plaintiff actually cite to the Complaint. Plaintiff simply attempts to clarify and augment his own prior and lacking factual allegations. That is not permissible.[2] That alone constitutes Plaintiff's recognition that, in its present form, the Complaint should be dismissed.

**ARGUMENT**

I. **Lack of Personal Jurisdiction**

To contest the argument that this Court lacks personal jurisdiction over the Vargas Defendants, Plaintiff attempts to breathe in allegations not asserted anywhere in the Complaint. Further, Plaintiff misrepresents the Vargas Defendants' inter-relationship and relationship with the State of Florida. He simply ignores his actual pleading. But he is bound to his pleading, and his affidavit fails to properly contest the lack of personal jurisdiction over all of the Vargas Defendants.

First, in his affidavit, Plaintiff for the first time states that Defendants Value Investments Group, Ltd. and Value Investments Peru, S.A. operate as a single business.[3] The Plaintiff also states that Mr. Vargas would use <u>either</u> of these two entities as suited his purpose[4] – which of course contradicts his assertion that the entities operate as a <u>single</u> business. But there are <u>no</u> such allegations in the Complaint. Moreover, even if there were, those allegations have no bearing on

---

[2] *See, e.g., Bruhl v. Price Waterhouse Coopers Int'l*, 2007 WL 997362, at *4 (S.D. Fla. Mar. 27, 2007) (may not supplant allegations in complaint with new allegations raised in response to motion to dismiss); *Walker v. City of Orlando*, 2007 WL 1839431, at *5 (M.D. Fla. Jun. 26, 2007) (limiting consideration to allegations contained in complaint, even if new allegations were raised in response to motion to dismiss).

[3] *See* Affidavit, Exhibit A to the Response [D.E. 23-1], at ¶ 4.

[4] *Id.*

whether this Court has personal jurisdiction over those entities. Further, Plaintiff conflates his reference to both entities although the contract at issue is only with <u>Value Investments Group Ltd.</u>[5] <u>Nowhere</u> in the Complaint does the Plaintiff allege the existence of a contract with Value Investments Peru, S.A.[6]

Second, Plaintiff improperly has switched the focus on what conduct by the Vargas Defendants subjects *them* to this Court's personal jurisdiction to whether *Plaintiff* is subject to this Court's personal jurisdiction. Whether *Plaintiff* is a U.S. citizen, expected to be paid U.S. dollars, is not subject to taxation in Peru, and is located in Florida is not pertinent to this analysis.

Plaintiff's remaining argument specifically regarding the *entities* only concerns Value Investments Group, Ltd.[7] But in arguing as to that entity, Plaintiff improperly breathes in new allegations not in the Complaint. Indeed, the Response falsely states that the Complaint alleges: "Valinvest regularly engages in the business of managing mergers and acquisition for clients and that service is conducted and directed from the Davie, Florida office." That language is nowhere to be found in the Complaint.

With respect to Mr. Vargas, Plaintiff misunderstands that even his new allegations do not subject Mr. Vargas to this Court's personal jurisdiction. As an initial matter, Mr. Vargas denies the allegations set forth in Plaintiff's Affidavit and the new allegations in the Response. But even if correct, those allegations certainly do not subject to Mr. Vargas to this Court's jurisdiction. Plaintiff carefully averred that any contact with Florida by Mr. Vargas was on behalf of "Valinvest" and not in Mr. Vargas's *individual* capacity. But the law is well established that acting in a *corporate*

---

[5] *See* Exhibit A to Complaint [D.E. 1] at 1.

[6] *See generally* Complaint [D.E. 1].

[7] That is, Plaintiff makes no effort to argue that Value Investments Peru, S.A. has any connection to the State of Florida.

capacity does not subject one to this Court's personal jurisdiction in an *individual* capacity.[8]

## II. Plaintiff Does Not to Contest His Failure to Properly Plead Diversity Jurisdiction

Plaintiff ignores the Vargas Defendants' argument that Plaintiff's allegations fail to meet the requisite standard to plead diversity jurisdiction.[9] Having failed to do so, Plaintiff has conceded this argument. And on this ground alone, this Court should dismiss the Complaint.

## III. This Action Should be Compelled to Arbitration

To avoid being compelled to arbitration, Plaintiff's Response ignores the prefatory language of the very contract upon which he purports to bring this action. That contract states:

> This letter confirms the agreement between Aaron Slater (the "Advisor") and Value Investments Group Ltd. ("Valinvest") with respect to the mandate letter (the "Mandate Letter") entered into between Valinvest and Asociacion Editorial Stella ("Stella") concerning a sale or other Transaction involving Pedregal (the "Company"). Capitalized terms used but not defined in this letter have the meanings given to them in the Mandate Letter.
>
> The Advisor has agreed to advise and assist Valinvest in arranging and consummating a Transaction involving the Company in accordance with the terms of the Mandate Letter.[10]

Ignoring the foregoing language, Plaintiff incorrectly states that the contract does not incorporate the plain terms of the Mandate Letter – although it plainly does do so.

And the Mandate Letter clearly states that *any* dispute related to the underlying transaction is subject to arbitration.[11] The Mandate Letter specifically states:

> This Agreement and any Proceeding of any kind or nature whatsoever arising out of

---

[8]*See Kitroser v. Hurt*, 85 So. 3d 1084, 1089 (Fla. 2012) ("a nonresident employee-defendant who works only outside of Florida, commits no acts in Florida, and has no personal connection with Florida will not be subject to the personal jurisdiction of Florida courts simply because he or she is a corporate officer or employee").

[9]*See* Motion to Dismiss [D.E. 12] at p. 6; *see generally* Response [D.E. 23].

[10]Exhibit A to Complaint [D.E. 1-1] at p. 1. Emphasis added.

[11]*See* Mandate Letter, Exhibit 4 to Motion to Dismiss [D.E. 12-4], at ¶ 8.

>or in any way relating to this Agreement, directly or indirectly, shall be governed by and construed in accordance with the laws of Peru without regard to principles of conflicts of law, and any dispute or controversy arising with respect to the subject matter of this Agreement shall be resolved by binding arbitration in Lima, Peru in accordance with applicable rules of the Arbitration Center of the American Chamber of Commerce of Peru.[12]

Plaintiff's argument that the disputed contract is governed by Florida law does not mean that Plaintiff can avoid arbitration – at best it means that any arbitration would be subject to Florida law. Plaintiff simply seeks to avoid the plain meaning of the contract and the Mandate Letter – which Plaintiff signed reflecting his awareness of its terms – and he should not allowed to do so.

Moreover, while Plaintiff is not a direct party to the Mandate Letter, the Eleventh Circuit has held that is not an impediment to arbitration.[13] Indeed, the Eleventh Circuit places "a strong emphasis on the interrelationship between the claims at issue, and the underlying subject matter of the agreement that requires arbitration."[14] Under such circumstances, the Eleventh Circuit allows for extension of an arbitration clause to non-signatories.[15] That is the case here.

### IV.   Plaintiff's Claims Each Fail to State a Cause of Action

With respect to his count-specific responses, Plaintiff fails to rebut the arguments asserted by the Vargas Defendants.

First, as to Count I for breach of contract, Plaintiff does not even respond to the arguments directed to that claim, thus conceding that Count I should be dismissed.[16]

---

[12]*See* Mandate Letter, Exhibit 4 to Motion to Dismiss [D.E. 12-4], at ¶ 8.

[13]*See Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc.*, 10 F.3d 753, 757 (11th Cir.1993) ("lack of a written arbitration agreement is not an impediment to arbitration").

[14]*Sea Bowld Marine Grp., LDC v. Oceanfast Pty, Ltd.*, 432 F. Supp. 2d 1305, 1314 (S.D. Fla. 2006).

[15]*Id.*

[16]*See, e.g., Pollard v. Steel Sys. Const. Co.*, 581 F. Supp. 1551, 1552 (S.D. Fla. 1984) ("Given the fact that Plaintiff concedes in its memoranda that the first motion to dismiss, as it pertains to GUNTHER LISKEN should be granted, the Court dismisses Defendant LISKEN from this cause without further

Second, as to Count II for "Money Owed," Plaintiff failed to plead the bare minimum of allegations that would state what he now characterizes a claim for *quantum meruit*. He does argue he can plead in the alternative. Here, he did not do so, and moreover, he pleaded the existence of ane express contract that even he argues concerns the same subject matter. The law clearly provides that this claim should be dismissed.[17]

Third, as to Count III for Unjust Enrichment, Plaintiff concedes that he failed to *directly* confer a benefit on the Vargas Defendants. He acknowledges any services or benefit were conferred on *co-Defendants Asociacion Editorial Stella and Fondo de Inversion Stella*, not on the Vargas Defendants.[18] Likewise, Plaintiff concedes any alleged harm may be remedied by money damages – *i.e.*, an adequate remedy at law.[19] Each arguments constitute grounds to dismiss this claim.

Fourth, as to Count IV for fraudulent conveyance, Plaintiff again misses the point. Plaintiff has failed to plead allegations that would support such a cause of action and now seeks to do so after-the-fact. As stated in the Motion to Dismiss, Plaintiff has not alleged who is a creditor and who is

---

comment."); *Aznar v. Cooperativa De Seguros Multiples De Puerto Rico, Inc.*, No. 6:06-CV-578-19-DAB, 2006 WL 1540340, at *1 (M.D. Fla. June 5, 2006) ("Plaintiff concedes that Count II lacks merit and stipulates to its dismissal in its Memorandum in Opposition to Defendant's Motion to Dismiss . . . Thus, the Court will dismiss Count II of the Complaint.").

[17]*See, e.g., White Const. Co., Inc. v. Martin Marietta Materials, Inc.*, 633 F. Supp. 2d 1302, 1332 (M.D. Fla. 2009) ("'Florida courts have held that a plaintiff cannot pursue a quasi-contract claim for unjust enrichment if an express contract exists concerning the same subject matter.'").

[18]*See* Response [D.E. 23] at p. 6.

[19]*See Prohias v. Pfizer, Inc.*, 490 F. Supp. 2d 1228, 1236 (S.D. Fla. 2007).("claims for unjust enrichment should be dismissed because the plaintiffs do not plead that they lack an adequate legal remedy"); *Martinez v. Weyerhaeuser Mortg. Co.*, 959 F. Supp. 1511, 1518 (S.D. Fla. 1996) ("The Court agrees that in Florida, unjust enrichment is an equitable remedy and is not available where an adequate legal remedy exists. . . . To state a claim for unjust enrichment, plaintiffs must make this allegation clear in the complaint."); *see also Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005) ("to properly state a claim for unjust enrichment, a party must allege that no adequate legal remedy exists").

the debtor.[20] Moreover, the claim clearly does not involve "a third-party defendant who has no relationship with the plaintiff." Plaintiff alleged that he has a contract with Value Investments Group, Ltd., which is not a third party without a relationship to Plaintiff according to the Complaint.

Fifth, as to Count V (for equitable lien) and VII (for constructive trust), Plaintiff simply ignores the governing law. With respect to a claim for constructive trust, Plaintiff had to state a cause of action of unjust enrichment, but as explained above, he did not do so.[21] With respect to claims for an equitable lien and constructive trust, Plaintiff had to allege a fiduciary relationship but failed to do so (instead citing to the contract attached to the Complaint, which shows no such relationship).[22] Last, Plaintiff repeatedly has alleged that he an adequate remedy at law, *i.e.*, money damages, such that his claims for equitable lien and a constructive trust must fail.[23]

Last, as to Count VI, Plaintiff comes clean and makes clear that he essentially is seeking a prejudgment writ of attachment against Defendants Asociacion Editorial Stella and Fondo de Inversion Stella – neither of whom have appeared in this action. Plaintiff obviously has made no effort to seek such relief. Irrespective, what Plaintiff did do is file a lawsuit alleging breach of contract. And if truly actionable, Plaintiff would have an adequate remedy at law – *i.e.*, money

---

[20]*See Oginsky v. Paragon Properties of Costa Rica LLC*, 784 F. Supp. 2d 1353, 1369-70 (S.D. Fla. 2011) ("To state a claim for actual fraud under UFTA, a plaintiff must 'allege (1) there was a creditor sought to be defrauded; (2) a debtor intending fraud; and (3) a conveyance of property which could have been available to satisfy the debt.'").

[21]*See supra* at p. 6.

[22]*See Servicios De Almacen Fiscal Zona Franca Y Mandatos S.A. v. Ryder Int'l, Inc.*, 264 F. App'x 878, 881 (11th Cir. 2008) ("It is clear from these cases that the threshold requirement for" a claim for constructive trust "is the existence of a fiduciary relationship, and the district court correctly found that such a relationship was absent.").

[23]*See Santidrian v. Landmark Custom Ranches, Inc.*, 08-60791-CIV, 2009 WL 210668 * 2 (S.D. Fla. 2009) ("where there is an adequate remedy at law for breach of contract, an equitable lien is not appropriate"); *CSC Holdings, Inc. v. Kimtron, Inc.*, 47 F. Supp. 2d 1361, 1365 (S.D. Fla. 1999) ("The imposition of a constructive trust, however, is available only when there is no adequate remedy at law.").

damages. As stated in the Motion to Dismiss, "if an injury can be 'undone through monetary remedies,' it is not irreparable."[24] The law is clear on this point.[25] This claim just should not be permitted to stand.

## CONCLUSION

It is clear that even Plaintiff concedes the Complaint, in its present form, should be dismissed. It is proper to go further and dismiss this action with prejudice or, in the alternative, compel arbitration. But as it stands, this Complaint cannot be allowed to go forward.

Respectfully submitted,

By: /s Lorenz Michel Prüss
   Lorenz Michel Prüss, Esq.
   Fla. Bar No.: 581305
   LPruss@dkrpa.com
   DIMOND KAPLAN & ROTHSTEIN, P.A.
   Offices at Grand Bay Plaza
   2665 South Bayshore Drive, PH-2B
   Miami, Florida 33133
   Telephone:  (305) 374-1920
   Facsimile:  (305) 374-1961
   *Counsel for the Vargas Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 15, 2014, I filed the foregoing document with the Clerk of the Court via CM/ECF and the CM/ECF system will send a notice of electronic filing to the counsel and parties of record.

By:   /s Lorenz Michel Prüss
      Lorenz Michel Prüss

---

[24] *SME Racks, Inc. v. Sistemas Mecanicos Para, Electronica, S.A.*, 243 Fed. Appx. 502, 504 (11th Cir. 2007).

[25] *Id.* ("court properly determined that there are various forms of alternative relief available to the Appellants, namely damages for breach of contract."); *Cent. Magnetic Imaging v. State Farm*, 789 F. Supp. 2d 1311, 1318 (S.D. Fla. 2011) ("there is an adequate legal remedy – damages for breach of contract.").